# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7676 | **DATE** | December 27, 2010 |
| **CASE TITLE** | Nickolas Lee (2009-0019218) vs. Jackson Park Hospital | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. The case is terminated. The Clerk is requested to enter a Rule 58 judgment in favor of defendants Jackson Park Hospital and Dr. David Williams against Plaintiff Nickolas Lee. Plaintiff shall take nothing. Any other pending motions are denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff Nickolas Lee, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for initial review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted and the Court assesses an initial partial filing fee of $6.00 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

Pursuant to 28 U.S.C. § 1915(e)(2), this Court is required to dismiss a suit brought *in forma pauperis* at any time if it determines that the case is frivolous or malicious, fails to state a claim on which relief may be

## STATEMENT

granted, or seeks monetary relief against a defendant who is immune from such relief. Plaintiff alleges that he was physically abused by Chicago Police Officers and then taken to Jackson Park Hospital where the staff, including defendant Dr. David Williams, failed to properly treat him. (Dkt. No. 1 at 4). He alleges that "[t]his is a clear case of medical negligence" by Dr. Williams. (*Id*. at 5).

This is plaintiff's second lawsuit over this same incident. As plaintiff details in his present complaint in this case, he originally brought suit in *Lee v. Chicago*, No. 09 C 3166 (N.D. Ill.) (Darrah, J). Judge Darrah dismissed plaintiff's claim against Jackson Park Hospital and Dr. Williams on June 11, 2009 for failure to state a claim upon which relief may be granted. No. 09 C 3166, Dkt. No. 5. The No. 09 C 3166 case remains pending against the other defendants. Plaintiff states that the present suit is a "continuation" of the No. 09 C 3166 action and names Jackson Park Hospital and Dr. Williams as defendants. (Dkt. No. 1 at 4). Plaintiff has not brought an appeal in Case No. 09 C 3166

Plaintiff's present case must be dismissed. A party cannot simply continue a claim that has been dismissed on the merits in a new case. His remedy is to appeal the dismissal upon the completion of the No. 09 C 3166 case.

Furthermore, the Court notes that plaintiff would have significant difficulties even if he was able to litigate his claim in this case. Plaintiff's present complaint is on the Court's Civil Rights Complaint Form. Plaintiff states that he is bringing this claim under a statute other than 28 U.S.C. § 1331 or 42 U.S.C. § 1983 but does not explain what is the basis for this Court's jurisdiction. He alleges a medical malpractice claim against the defendants. This would have to be brought under this Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's claim does not allege the parties' citizenship. Plaintiff's claim against the hospital and Dr. Williams were proper supplemental jurisdiction claims to plaintiff's civil rights claims brought against the police officers in the No. 09 C 3166 case. 28 U.S.C. § 1367. However, there is no anchor federal claim in this present action. Thus, the fact that plaintiff is attempting to bring claims that were previously dismissed on the merits in Case No. 09 C 3166, along with likely jurisdictional issue, leads the Court to conclude that the present case is frivolous, and therefore properly dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

For the foregoing reasons, this suit is dismissed as frivolous. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

In summary, the plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. The case is terminated. The Clerk is requested to enter a Rule 58 judgment in favor of defendants Jackson Park Hospital and Dr. David Williams against Plaintiff Nickolas Lee. Plaintiff shall take nothing. Any other pending motions are denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as

| STATEMENT |
|---|
| stated herein.  The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608.  This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). |